**RECEIVED**

**FEB 2 1 2018**

RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
_____ DIVISION

__Kevin Jackson__
(Enter Above the Name of the Plaintiff in this Action)

vs.

__Cleveland Metroparks__
(Enter above the name of the Defendant in this Action)

2:18 cv 138

Judge Smith

MAGISTRATE JUDGE DEAVERS

If there are additional Defendants, please list them:

_____
_____
_____
_____

**COMPLAINT**

I. Parties to the action:

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

__Kevin Jackson__
Name - Full Name Please - PRINT

__376 Fullers circle__
Street Address

__Pickerington, Ohio 43147__
City, State and Zip Code

__216 559-2788__
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. __Cleveland Metroparks__
   Name - Full Name Please
   __4101 Fulton Parkway, Cleveland Ohio 44104__
   Address: Street, City, State and Zip Code

2. _____

3. _____

4. _____

5. _____

6. _____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☑ Title 28 U.S.C. § 1343(3)
   [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☐ Title 28 U.S.C. § 1331
   [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
   [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☐ Title _____ United States Code, Section _____
   [Other federal status giving the court subject matter jurisdiction.]

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

(See Attachments)

END

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption.
(Example, Case Number: 2:08-cv-728 and Caption: <u>John Smith</u> vs. <u>Jane Doe</u>).

Case Number | Caption
--- | ---
EEOC# 532-2016-00762 | Kevin Jackson vs. Cleveland Metroparks
532-2016-01630 | Kevin Jackson vs. Cleveland Metroparks
___ | ___ vs. ___

V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal argument, cite no case or statutes.

My Civil Rights Due To discriminated (Race), Violation of Title VII of the Civil Rights Act of 1964, As Amended and my disability, in Violation of Title I of the American with Disabilities Act of 1990, As Amended and retaliated for participating in a protected Activity.

I state under penalty of perjury that the foregoing is true and correct. Executed on
this 21 day of February, 20 18.

Kevin Jackson
Signature of Plaintiff

-4-

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kevin Jackson<br>4802 Foxdale Dr.<br>Kettering, OH 45429 | From: | Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2016-00762 | Ms. Blackmon,<br>Investigator | (216) 522-2251 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*Cheryl Mabry,*
Director

11.29.2017
*(Date Mailed)*

cc: **Matthew Hawes**
**Director of Human Resources**
**CLEVELAND METROPARKS**
**4101 Fulton Parkway**
**Cleveland, OH 44104**

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 532-2016-01630 |

**Ohio Civil Rights Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Kevin Jackson | (216) 559-2788 | 10-11-1967 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7615 Brams Field Drive | Dayton, OH 45459 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CLEVELAND METROPARKS RANGER DEPARTMENT | 500 or More | (440) 331-5530 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4600 Valley Parkway | Fairview Park, OH 44126 |

RECEIVED JUN 28 2016 CLFO - EEOC

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 05-12-2016    Latest: 05-12-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In August 2003, I was hired by the above named Respondent. My most recent position was Police Sergeant. On May 12, 2016, I was denied a reasonable accommodation and discharged.

On March 25, 2016, I filed a previous charge of discrimination (532-2016-00762) against Respondent. On May 9, 2016, Respondent was aware that I was scheduled to return back to work on July 31, 2016. I was denied extended leave and on May 12, 2016, I was terminated for exhausting all available leave.

I believe I was discharged because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended (TVII); my disability in violation of Title I of the Americans with Disabilities Act of 1990, as amended (ADAAA), and in retaliation for participating in a protected activity in violation of TVII and ADAAA.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6/23/16   Charging Party Signature: Kevin Jackson

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | 532-2016-00762 |

Ohio Civil Rights Commission and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Mr. Kevin Jackson
**Home Phone** (Incl. Area Code): (216) 559-2788
**Date of Birth:** 10-11-1967

**Street Address:** 1393 Belvior Mews, South Euclid, OH 44121

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name:** CLEVELAND METROPARKS
**No. Employees, Members:** 500 or More
**Phone No.:** (216) 661-6500

**Street Address:** 4101 Fulton Parkway, Cleveland, OH 44104

**DISCRIMINATION BASED ON:** [X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION  [ ] OTHER

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 04-06-2015
Latest: 02-02-2016
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I started working for the Cleveland Metro Parks most recently in March 2008, as a Sgt. Patrol Division.

I am an individual with a disability, which the Respondent is aware.

On April 6, 2015, I was off work related to my disability. While off I received numerous intimidating telephone calls from management officials. On November 16, 2015, I returned back to full duty rotation. On December 15, 2015, I complained to supervisor, Lieutenant McDowell about harassment from a coworker. On January 14, 2016, I was placed on administrative leave pending the outcome of a "fitness for duty examination". On January 22, 2016, and again on February 2, 2016, I was ordered to report to Respondent's physician.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 3-7-16  X Kevin Jackson
Date / Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

RECEIVED MAR 25 2016
EEOC-CLFO

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 532-2016-00762 |

**Ohio Civil Rights Commission** and EEOC
*State or local Agency, if any*

I believe that I have been discriminated against due to my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended and my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended and retaliated for participating in a protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 3-7-16   *[signature]*<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Ms Wells;

Here is a outline of events to help support my claim of disability discrimination, harassment, intimidation and retaliation I've endured over the last couple of months. **I have all relevant documentation that supports allegations.**

I'm trying to take steps to stop the destructive an intentional acts aimed at me, and I now recognize that these acts are not acceptable or deserved in the workplace.

I believe my complaint letter that I lodged against this particular co-worker, was a direct start of these retaliatory motives. The documents that I can supply will show repeated incidents or a pattern of behavior that was intended to target me.


Respectfully submitted
Kevin Jackson

A) **Disability discrimination;**

1) Injured on the job October 11/2012, had surgery in January 2013 and April 6, 2015, (workers compensation).

2) **I was forced to return to duty without medical clearance.** Employer ignored my physician of care return to work release letters (Medco 14 2x) and the state doctor's recommendation letter from my physical exam.

B) **Harassment;**

1) Received numerous phone calls from ex Lieutenant, Chief of Ranger department, Chief and Director of Human Services asking me intrusive questions about my medical condition while still being out on disability.

2) Came to my residence on three separate occasions. (Nov 4, 2015, Feb 26 and March 23, 2016)

C) **Retaliation;**

1) While on light duty, I was made to work on weekends **despite their agreement** to avoid weekend schedule.

2) On Dec 15, 2015, I **submitted a formal complaint** letter to my lieutenant about a favored co-worker in regards to his continued harassment/bullying in the work place and **was ignored or ever investigated.** He **advised me** that there was nothing he could do about it and **if I took it to HR, I should expect some type of retaliation for doing so.**

3) On Jan 7, 2015, was **ordered to attend a meeting that was only supposed to be a fact-finding meeting** stemming from an incident that occurred on March 23, 2015. **Once I got there, I was told it was a disciplinary meeting** and **I did not have the opportunity to have Union representation** present.

4) On January 14, 2016, I was abruptly placed on a leave of absence pending a fit-for-duty examination w/o any explanation or "just cause" reasoning and was ordered to see a psychiatrist for a mental evaluation.

5) On March 1, 2016, **I was suspended for 5 unpaid days** and placed on a PIP (Performance Improvement plan) **despite management being advised by my union that no disciplinary action could be taken** against me for the incident that occurred on March 23, 2015, because of expiration of time limits. **Grievance filed.**

**D) Intimidation;**

1) On Nov 4, 2015, **sent me letter threatening termination if I didn't report to work** by November 5, 2015, **despite me not having proper medical clearance.**

2) On February 26, 2016, **forced to meet with upper administrators (4) and ordered to answer questions about my medical history.**

3) On February 16, 2016, advised that I could return to work after being suspended and was never giving any feedback, counseling or guidance as to why I was suspended and/or why I was sent for a psych evaluation.

4) On February 26, 2016, **supervisor came to my residence and refused to leave until I signed a transitional work agreement letter**. I was also ordered to drive into my headquarters to attend a meeting that day despite me expressing concern for operating a motor vehicle while on pain medication. I was given an unreasonable time limit to find transportation to comply with this direct order; therefore I drove into headquarters for compliance. Headquarters is 45 minutes away from my residence.

5) On March 2, 2016, **I was given an ultimatum that if I agreed to resend my grievance, I could return to work** but the disciplinary corrective action that was issued would still stand and remain in my files. **If I refused, I would have to take my chances through arbitration. I was issued a deadline to respond.**

**End**

Ms. Wells, EEOC

Here are additional events that have occurred since our last correspondence. EEOC complaint # 532-2016-00762.

I had my appointment with Dr. Orlando on Tuesday, February 2nd and was required to take another exhausting 178 MMPI test. At the start of my oral interview, I said to him that I was still puzzled about why I was ordered to meet with him. He became visibly irritated and said that I was lying because I wrote the letter, in which I replied, "what letter"? He said it was about the March 23rd 2015, traffic stop that I was involved in. He then started with a barrage of questioning and I was grilled mercilessly for 45 minutes as to why I chose not to pull a subject out of a vehicle that night. Despite my reasoning, that I expressed about the totality of the situation from that evening, I was still wrong. I was extremely shocked when I was accused of incompetence, despite a history of objective excellence in my career at the Metroparks.

On February 15th, 2016, during my leave of absence, I was evaluated by another physician for a second opinion due to my persistent shoulder pain. After my examination, he then placed me on light duty restrictions for when I return back to work.

On February 16th around 2 o'clock p.m., I received a call from Lieutenant McDowell via cell phone voicemail, that I could return back to duty on Thursday, February 17th at 10:00 pm. I returned his call to acknowledge his message and I expressed sincere concern about returning without having any type of the briefing first as the reasoning to why I was placed on leave in the first place. I was told that human resources would be getting back to me sometime next week and review the results from the doctor, which never happened. Due to an unexpected out-of-town family emergency, I asked and was granted a week's vacation reporting for duty on February 25th.

On Sunday, February 21, at 6:22 p.m. I received a text from Lieutenant McDowell requesting that I call him so we could talk about what I should expect when I return back to work, in which I complied. He stated that demoting me as well as termination were all possibilities, also, that I would be placed on a Performance Improvement Plan (PIP) and if I didn't complete it, it would result in termination of my employment based on their discretion. I expressed to him my ambiguity and at this point, I was extremely vexed about the entire process and not getting a genuine sounding reason for these actions. I also stated that I sincerely believe that I had done nothing wrong but if I had, I was never provided with constructive feedback that would assist me in the future with any other similar situations I would encounter nor the guidance/advice about any work-related negative behavior patterns. The suspicious timing of all of this (retaliatory motive for lodging a complaint letter). And lastly, how being in limbo for approximately 32 days, how I've suffered emotional distress due to lack of communication from the organization.

I returned back from out of town on Tuesday, February 23rd and I text Lieutenant McDowell around 6:27 pm and asked him if I can meet with him on Wednesday February 24th so I could provide him with my doctors detailed restrictions for the next couple of weeks. He replied back and said that he would have to check the schedule and he will get back to me. He replied back on Wednesday February 24th at 4:04 p.m. and stated that he would be busy until about 6 o'clock and for us to talk at tomorrow's mandatory supervisor training session, in which I replied "ok."

On Thursday February 25th at 8 o'clock a.m., I reported to the mandatory in-service training. Due to the importance and intensity of the training, I felt it best to discuss my situation at the end of the training day. I gave LT.McDowell my letter and told him that I would give him a call later on that evening because I had a physical therapy appointment that I could not miss. Around 6:45 p.m. that evening, I spoke with him about my detailed light duty restrictions and that I needed a transitional work program letter that my doctor has to sign off on before I can return back to work. Lieutenant McDowell became extremely irritated even saying "I'm tired of this shit" and he wanted me to meet with the Chief and the Captain to discuss this situation. I stated that due to my last encounter (meeting on January 7) I feared any more ridicule or reprisals from administration and how that day I was made to feel belittled, bullied, humiliated and intimidated in front of others that I could no longer depend on informal channels for fair or just treatment. He reluctantly said "okay."

On Friday February 26th at 12:04 p.m., I received a text from Lieutenant McDowell stating that he was on his way to my residence to hand-deliver the letter that I had requested (transitional work agreement). Around 12:36 p.m. Lieutenant McDowell and Lieutenant Schabiter arrived at my residence and handed me a program

participation agreement letter from Human Resources. I was told that I had to sign the it and report to Ranger headquarters that day by 2 o'clock p.m. and meet with the Chief and Captain to discuss it and if I didn't I will be considered "AWOL". I then informed him that I had just taken heavy pain medication that was prescribed by my physician and I wasn't supposed to operate a vehicle at that time and could we possibly reschedule it? He replied no and he strongly advised me that if I didn't, I would be rejecting the agreement and would lose my employment due to job abandonment. Feeling intimidated by my supervisor, I reluctantly complied and signed the letter.

Given the short notice to report to Ranger headquarters from my employer by 2 o'clock p.m ( less than 1 1/2) I was unable to find transportation. For fear of losing my job, I prudently drove from South Euclid to Fairview Park Ohio (45 minutes) to comply with the agreement that I had just signed.

When I arrived at headquarters, I was escorted to an open conference room. Present were 4 upper administrators Chief Pulaski, Captain Flannigan, Captain Betori, Lieutenant McDowell and my union rep, Sergeant Mitchell, (per my request ).
In this meeting, as before, I was asked very intrusive questions about my medical condition/history. Feeling intimidated and humiliated by their body language, tone and facial gestures, I was trying to be proactive and comply to their rationale, I tried to answer these questions to the best of my ability. I was told to explain what a bona fide offer of employment was that my doctor had to sign off on before I can be come back to work, only to be told that my explanation didn't make any sense at all. I told them that I was uncomfortable explaining some of my medical history and that they should get their necessary information from our Workers Compensation manager LeAnn Pressick, because they appeared frustrated with my answers. I felt the entire encounter threatened my self image and it created a hostile work environment that was not conducive to my mental health and physical health.

During this meeting it was agreed upon that I would work a light duty schedule of Monday through Friday 8 a.m. to 4 p.m.

I reported to work at Ranger headquarters as ordered on Monday February 29th at 8 o'clock a.m.

On Tuesday March 1, while working within my light duty restrictions, I received a call from Lieutenant McDowell around 2:12 p.m. stating that he needed to meet with me asap at Ranger headquarters, which I replied and said "ok". I met with him around 3 o'clock and was given a copy of my evaluation that was due to me by January 7 and then out of nowhere, I was served with the corrective action form suspending me for five unpaid days for the incident that occurred on March 23rd, 2015. Also a performance Improvement plan which Listed 11 tasks I had to complete before August 31st, 2016. While looking over the corrective action form, I brought to Lieutenant McDowell's attention that I only violated one departmental policy, which was failing to record the incident with my vehicle's camera system and the other statement about me allowing the operator to talk me out of investigating the order for marijuana was based on my training and experience being a subject control instructor which was a discretionary decision not a policy violation. I expressed to him the inconsistent or desperate treatment of me and showing favoritism toward certain subordinates, while scapegoating me, with no clear reasons. And that I know for certain other supervisors have done the same thing without such malicious disciplinarian action. His reply was "I'm not sure". After that reply, I said to him that according to what I was told by the Union, that even he acknowledged to be true, that they were in violation of the collective bargaining agreement Article 12: 12.2.2 for this particular incident stemming on the evening of March 24th, 2015, he replied "yes". I signed and dated appropriate documents without any incident and afterwards immediately filed a grievance. (See documents)

Sometime in January, (after my suspension leave) my union representative had a meeting on my behalf with Harold Harrison ( Director of Human Resources) and Chief Volaski and they were informed that the decision to place me on a leave was not because of any disciplinary reasons but a medical related one and because of HIPAA laws, they could not disclose any more information. My union rep was assured that it had nothing to do with the incident on March 23rd, 2015 because if it was, they were in violation of the collective bargaining agreement. (See document)

After our meeting was concluded, I asked LT. McDowell if I could use vacation time for my 5 day suspension due to a financial hardship that it will cause to me and my family. In the past they have allowed employees who have time on the books to use their vacation time in lieu of unpaid time off. I was told that he would find out and get back to me the next day if that was acceptable or not.

On Wednesday March 2, at 11:13 a.m., I received a text from Lieutenant McDowell stating that he had an answer for me and to call him, in which I complied. He informed me that my request to use vacation time in lieu of an unpaid suspension would be granted only if I agree to resend my grievance but however the corrective action formed that he issued to me would still stand. If I refused I will serve my my five-day unpaid suspension and take my chances through arbitration and I had only 3 hours to respond back to him with my answer. Although feeling bullied and intimidated by this information, I felt it best that I refuse to resend my grievance at this point. (See documents)

While in physical therapy on Wednesday March 2, I suffered a painful injury during my exercises. Due to the pain of my injury and anxiety and stress caused by my employer, I was experiencing severe chest pains and a migraine headache. Fearing for my health, around 4 o'clock a.m. I caught a taxi to Hillcrest Hospital emergency room where my BP was 169/101 and a heart rate of 90 bpm. On Friday March 4, I was reevaluated and my BP was severely elevated to 160/108, I was told it was probably caused by stress and anxiety over an extended amount of time. I was advised that I was on the verge of having a stroke or heart attack if didn't remove myself from the stressful environment I could suffer serious health problems in the future. It is important to note that on December 22, 2015 I had a physical from my family physician and my BP was 130/70. Do to the persistent high BP ( pre-hypertension) on May 10th was prescribed Amlodipine.(see documents)

In conclusion, I believe my complaint letter that I lodged against this particular co-worker was a direct start of these retaliatory motives. I have additional documents that I can supply showing repeated incidents or a pattern of behavior that was intended to intimidate, humiliate,discriminate,bully,harass and target me. And finally the stressors that I have incurred as described above have contributed to my feeling of frustration, helplessness, loss of confidence, increased anxiety, elevated blood pressure, migraine headaches and loss of appetite, which have all greatly affected my emotional, mental and physical well being since January 7,2016. On May 23, letter hand delivered to my residence and put into wrong mailbox and I was never notified, again. Letter contained various inaccurate statements. May 4th and 5th, received harassing text messages from lieutenant in which he later stated he was misinformed about. On May 9th, on a conference call with 6 members of the organization on the phone, and was ordered to give medical status which I had voluntarily provided them with confidential information pertaining to this with my letter to the CEO. On May 11th was offered transitional work from organization. Terminated via mail on May 13 and medical insurance abruptly canceled.

**Respectfully submitted**
**Kevin Jackson**

Addendum to Initial Claim # 532-2016-00762

1) On or about May 23rd, again unbeknownst to me, letter was delivered to my address and put in the wrong mailbox. (I didn't retrieve it until March 28, only after receiving a call from my co-worker asking if I got a letter from the parks). Letter stated that I had to submit a written request to the CEO of the Metroparks by March 31, 4:30 p.m., detailing the reasoning justifying any extension of leave including the prognosis for my return to perform all essential functions of my position with or without reasonable accommodations. My failure to return a response will result in immediate termination of employment. Letter had inaccurate information giving the appearance that I was being non-compliant which was not true. I complied with the request on March 30. Letter included confidential doctors notes detailing my entire medical history, status and possible return to duty date as requested. (See letter)

2) On May 4th, received a text message from my lieutenant stating that he needed to talk to me about my pre-termination hearing scheduled for 10:30 a.m., May 6th, 2016 (unbeknownst to me). I was told that a letter from HR was mailed to my residence detailing this information which was not true. Was also told that my request for my extention was denied after all this time. (Pre-termination hearing is not in the Union contract).

3) On May 5, received another text from lieutenant now stating that he was misinformed about the pre-termination hearing and a letter was never mailed to my residence. Was told that I now had a conference call to discuss my medical situation. **(harassment)**

4) On May 9, 2016 at 9:30 a.m., received conference call with 6 administrator's on the call and was ordered to give my medical status. I informed them that I was uncomfortable due to HIPAA laws, of giving any of my medical history to non- human resource personal. I advise them that I had just voluntarily sent confidential information to the CEO detailing such information that they already had. **(intimidation)**

5) On May 11, received VM message from Care Works rep. stating that she just faxed a transitional work agreement offer letter from the organization to my doctor stating that they had a clerical position for me. Offer was to be reviewed/discussed with my doctor at my next appointment on May,26th, which I agreed to do so.

6) On May 12th, was terminated by mail and insurance was abruptly canceled forcing me to cancel pre-scheduled doctor's appointments. Letter was discovered by me on Monday, May 16th. **(retaliation)**

7) Grievance that I filed on March 2, was never addressed. My due process was violated. **(retaliation)**

In conclusion, I was informed by my union president Otto Holm, that he was told by HR director Harold Harrison that if I dropped the EEOC complaint that all disciplinary action against me would go away. The suspicious timing of these events after organization was notified of pending EEOC complaint and my refusal to mediate appear retaliatory in nature.

END.

**Respectfully submitted
Kevin Jackson**